**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LELI TAN, | No. 13-70754 |
| Petitioner, | Agency No. A098-440-431 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2018
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Leli Tan, a citizen of Indonesia, petitions for review of a Board of

Immigration Appeals (BIA) decision affirming the denial of her applications for

asylum, withholding of removal, and relief under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252, and we grant in part and deny

in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The government concedes that the BIA erroneously applied the REAL ID Act's credibility standards to Tan's December 14, 2004 asylum application. *See Joseph v. Holder*, 600 F.3d 1235, 1240 n.3 (9th Cir. 2010) (noting that we "apply pre-REAL ID Act standards" to applications for relief filed "before May 11, 2005, the effective date of the REAL ID Act."). It urges us to nevertheless deny the petition because of the BIA's alternative finding that, even assuming Tan's credibility, she has not established eligibility for the sought relief.

In determining that Tan did not suffer past persecution, the BIA considered several incidents of her past harm, but failed to consider that Tan and her daughter were sexually assaulted and threatened with rape.[1] "[T]hreats can in some instances constitute persecution," *Khup v. Ashcroft*, 376 F.3d 898, 903 (9th Cir. 2004), as can sexual assault, *Lopez-Galarza v. INS*, 99 F.3d 954, 959 (9th Cir. 1996). Because the agency failed to consider all relevant record evidence when concluding that Tan did not suffer past persecution on account of her Chinese ethnicity, we remand for reconsideration of her applications for asylum and withholding of removal. *See Shirazi-Parsa v. INS*, 14 F.3d 1424, 1428 (9th Cir. 1994) (finding that the BIA erred by "failing to consider the totality of circumstances" related to the petitioner's past persecution), *overruled on other*

---

[1] The agency minimized this event by characterizing it as "inappropriate touching," which is squarely contradicted by the record.

*grounds by Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996); *cf. Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011) (remanding a CAT application where the BIA "mischaracterized the record" and "failed to give reasoned consideration" to other "potentially dispositive" evidence).

The agency's conclusion that, assuming Tan's credibility, she did not meet her burden of showing entitlement to relief under the CAT is supported by substantial evidence. *See Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). Tan did not submit evidence demonstrating that she was tortured in the past or that she would be subject to torture in the future at the hands of or with the acquiescence of the Indonesian government. *See* 8 C.F.R. §§ 1208.16(c)(4), 1208.18(a)(2). Therefore, we deny the petition as to Tan's application for relief under the CAT.

We grant the petition and remand for the agency to reconsider Tan's credibility under the correct, pre-REAL ID Act standard, and to reconsider her applications for asylum and withholding of removal in light of all relevant record evidence.

**PETITION GRANTED IN PART, DENIED IN PART.**